UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CRISTINA R. RAVANERA,

        Plaintiff,

  v.

ELK GROVE UNIFIED SCHOOL DISTRICT, and DOES 1 through 100,

        Defendants.

2:06-CV-0969-MCE-PAN

MEMORANDUM AND ORDER

----oo0oo----

Through this present motion, Elk Grove Unified School District ("Defendant") moves to dismiss all five causes of action[1] brought by Cristina Ravanera ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6), and largely bases its motion on the Eleventh Amendment to the United States Constitution.

---

[1] Plaintiff is suing Defendant for: (1) discrimination under Title VII, 42 U.S.C. 2000(e); (2) discrimination, harassment, and retaliation under California Code section 12940 et. seq.; (3) discrimination, harassment, and retaliation in violation of public policy; (4) intentional infliction of emotional distress; and (5) negligent infliction of emotional distress.

1

For the reasons stated below, Defendant's motion is denied in part and granted in part.[2]

**BACKGROUND**

Plaintiff, a woman of Filipino/Asian ancestry and national origin, began working for Defendant as a Payroll Technician I on or about March 12, 2002. Plaintiff alleges that from approximately March 2002 through June 2004, her interim manager Debby Smith ("Smith") harassed Plaintiff by regularly mimicking and mocking Plaintiff's accent, and criticizing Plaintiff's English communication skills. Plaintiff further alleges that in approximately December 2003, a supervisor for Defendant told Plaintiff not to speak her native language, Tagalog, with other Filipino co-workers, explaining that Defendant had an "English-only" policy.

According to the Complaint, in approximately June 2004, Plaintiff applied for a promotion for which she was qualified. The promotion would have elevated Plaintiff to a Payroll Technician II position. Plaintiff interviewed with Smith and was told that she did not receive the job due to a lack of communication skills. Shortly thereafter, Plaintiff overheard another interviewer, an employee of Defendant, comment that Defendant should not hire people who don't speak English.

///

---

[2] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

Plaintiff alleges the promotion was given to a non-Filipino, less-qualified individual.

In September 2004, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff alleges that Smith thereafter mounted a campaign of retaliation against Plaintiff. According to Plaintiff, Smith began to appear regularly at Plaintiff's desk, scrutinized Plaintiff's work, and intimidated Plaintiff by following her around the work place. Moreover, Plaintiff contends that Smith began to assign menial tasks to Plaintiff instead of her normal duties.

On December 10, 2004, Plaintiff was asked to leave work immediately in plain view of several of Plaintiff's co-workers. Thereafter, Defendant announced to Plaintiff's co-workers that Plaintiff had been placed on "disability" status, and would not be returning to work.

Plaintiff alleges on or about February 7, 2006, the EEOC sent her a Right to Sue Letter, setting forth a ninety day (90) window for Plaintiff to file suit. Plaintiff filed the current action in this Court on May 5, 2006, in accordance with the EEOC's instructions.

**STANDARD**

Rule 12(b)(6) provides that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."
///
///
///

A court should not dismiss a complaint, however, for a party's failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, (1957); *see also Yamaguchi v. United States Dep't of the Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997).

In deciding a motion to dismiss, the court should take all factual allegations set forth in the complaint "as true and construed in the light most favorable to [p]laintiffs." *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1999). Dismissal is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984); *see also McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988). However, the Court need not "assume that the [plaintiff] can prove facts that it has not alleged or that the defendants have violated . . . laws in ways that have not been alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Contractors*, 459 U.S. 519, 526 (1983).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir.1990); *see also Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001). However, the court may "consider material which has been properly submitted as part of the complaint" when deciding a Rule 12(b)(6) motion. *Hal Roach Studios*, 896 F.2d at 1555 n.19.

4

**ANALYSIS**

**A.   Eleventh Amendment**

The Eleventh Amendment of the United States Constitution provides in pertinent part as follows:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

Although the Eleventh Amendment does not address suits by citizens against their own States, the United States Supreme Court has extended the Amendment's applicability to such suits. *Bd. of Trs. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001) ("The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court."); *see Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 669-670 (1999).

The Eleventh Amendment bar also extends to suits against state agencies and departments. *Austin v. State Indus. Ins. Sys.*, 939 F.2d 676, 677 (9th Cir. 1991). Thus, the Eleventh Amendment prevents private individuals from suing State and State entities in federal court for either money damages, *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 235, 241 (1985), or equitable relief, *Alabama v. Pugh*, 438 U.S. 781, 781, 782 (1978). This guarantee extends to both federal and state claims asserted by citizens against their own States. *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991)(citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984)).

Eleventh Amendment immunity is not absolute, however. The Supreme Court has recognized two circumstances in which a private individual may sue a State or state entities. *Coll. Sav. Bank*, 527 U.S. at 670. First, Congress may authorize such a suit against a State pursuant to a valid exercise of its power. *Id.* Second, a State may waive its sovereign immunity by consenting to suit. *Id.* A State's consent to a suit in federal court, however, must be unequivocal. *Pennhurst State Sch. & Hosp.*, 465 U.S. at 99.

The Ninth Circuit has recognized school districts as state entities. *Belanger v. Madera Unified School Dist.*, 963 F.2d 248, 254 (9th Cir. 1992). Thus, the question becomes whether Plaintiff's claims asserted herein come under an exception preventing Defendant's general immunity under the Eleventh Amendment from applying. Plaintiff's claims will be analyzed in that regard below.

### 1.  **Federal Law Claim**

Plaintiff's first cause of action is based on Title VII of the Civil Rights Act of 1964, as amended by, 42 U.S.C. 2000, et. seq. In its motion to dismiss, Defendant argues this Court lacks subject matter jurisdiction over Plaintiff's federal law claim because Eleventh Amendment immunity shields Defendant from individuals seeking money damages against state entities in federal courts.[3]

---

[3] Plaintiff's opposition to Defendant's motion appears to concede that the Eleventh Amendment bars her from bringing a
(continued...)

6

In setting forth this argument, Defendant failed to consider whether Congress abrogated this immunity in Title VII actions.

In *Fitzpatrick v. Bitzer*, the Supreme Court found that in the 1972 Amendments to Title VII of the Civil Rights Act of 1964, Congress, acting under § 5 of the Fourteenth Amendment, authorized federal courts to award money damages in favor of a private individual against a state government found to have subjected that person to employment discrimination on the basis of race, color, religion, sex, or national origin. 427 U.S. 445, 447-448 (1976). The Eleventh Amendment does not invalidate the 1972 amendments. *Id.* at 449. Plaintiff's Title VII cause of action is consequently not barred by the Eleventh Amendment.

**2.   State Law Claims**

Plaintiff contends this Court has supplemental jurisdiction over her remaining four state law causes of action[4] pursuant to 28 U.S.C. § 1367(a).

///
///
///
///

---

[3](...continued) Title VII action against Defendant. That interpretation of the law is just as misguided as Defendant's argument in bringing the instant Motion to Dismiss Plaintiff's Title VII claim on Eleventh Amendment grounds in the first place.

[4] Plaintiff claims (2) discrimination, harassment, and retaliation under California Code section 12940 et. seq.; (3) discrimination, harassment, and retaliation in violation of public policy; (4) intentional infliction of emotional distress; and (5) negligent infliction of emotional distress.

7

In its motion, Defendant requests, *inter alia*,[5] that this Court dismiss these four state law claims due to Defendant's Eleventh Amendment immunity.  The Court agrees.

The Eleventh Amendment bars the adjudication of pendent state law claims against nonconsenting state defendants in federal court.  *Raygor v. Regents of the Univ. of Minn.*, 534 U.S. 533, 540-541 (2002); *see also Stanley v. Trs. of the Cal. State Univ.*, 433 F.3d 1129, 1134 (9th Cir. 2006).  Here, California has not unequivocally waived its sovereign immunity.  Thus, the Eleventh Amendment bars Plaintiff's state law claims in their entirety against Defendant.  As the Ninth Circuit explained, "It is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law.  Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment."  *Stanley v. Trs. of the Cal. State Univ.*, 433 F.3d at 1134 *(citing Pennhurst State Sch. & Hosp.*, 465 U.S. at 106).

///
///
///
///
///

---

[5] Regarding Plaintiff's state law claims, Defendant further argues in its motion to dismiss that Plaintiff failed to exhaust her administrative remedies, failed to allege compliance with California's Tort Claim Act, and failed to allege statutory violations.  However, since the Eleventh Amendment completely insulates Defendant from Plaintiff's state law claims, we do not discuss Defendant's other arguments.

8

**CONCLUSION**

Plaintiff's claim for relief under Title VII is not barred by the Eleventh Amendment, and Defendant's Motion to Dismiss Plaintiff's first cause of action is therefore denied. Plaintiff's remaining four state law claims however, are barred on Eleventh Amendment grounds.  Because the deficiencies of Plaintiff's Complaint as to her state law claims cannot be cured through amendment, granting Plaintiff further leave to amend those claims would be futile.  *Broughton v. Cutter Labs.*, 622 F.2d at 460.  Defendant's Motion to Dismiss is accordingly granted without leave to amend, as to the Second, Third, Fourth and Fifth causes of action.

IT IS SO ORDERED.

DATED: August 8, 2006

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE